IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. WRIGHT, | : | |
| | : | Civ. No. 4:CV-07-2073 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| JOHN E. POTTER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

September 15, 2008

**BACKGROUND:**

On November 13, 2007, plaintiff Thomas J. Wright, proceeding pro se, instituted this civil action with the filing of a complaint against defendant, John E. Potter, the Postmaster General of the United States Postal Service (USPS).  In his complaint, Wright alleges a cause of action based on the Freedom of Information Act (FOIA).  Specifically, Wright alleges that he is an employee of USPS and submitted several FOIA requests to defendant concerning his official personnel folder and that defendant did not fully comply with these requests.

On August 11, 2008 Potter moved for summary judgment, and filed supporting documents, including a statement of material facts, brief in support of

the motion, and affidavits from three USPS employees. (Rec. Docs. No. 19-24.) On August 21, 2008, Wright filed an opposing brief, along with an answer to the statement of facts, and an accompanying affidavit. (Rec. Docs. No. 25-27.) As Potter has filed his reply brief, the matter is ripe for disposition.

For the following reasons we will grant Potter's motion for summary judgment.

**STATEMENT OF FACTS:**

Taken in the light most favorable to the non-moving party, Wright, the facts are as follows. Wright is a USPS employee in Coudersport, PA. Wright's Official Personnel Folder (OPF) was lost. During an audit by the USPS, the USPS discovered the OPF was lost and informed Wright. After the USPS was unable to locate the OPF, Wright submitted several Freedom of Information Act ( FOIA) requests. In March 2007, Wright requested return of his OPF. (Rec. Doc. No. 22 at 4.) The second request amended the first FOIA request and additionally requested copies of Form 6100A, which Wright believed "is the form which tracks all disclosures of my record." (Rec. Doc. No. 22 at 6.) Wright's third request asked for "correspondence from Josephine S. Palmore indicat[ing] that [the] OPF was removed to the Harrisburg, PA office," "the unauthorized removal of form PS 3811 from the stamp stock security in the 16915 safe," and "letter to Jack

2

Schofield." (Rec. Doc. No 22 at 9.) Wright then amended his request to include all records from January 1, 2003 and all PS Forms 1600B for the same time period. (Rec. Doc. No. 22 at 10.) Wright states that he has received only a 'partial reconstruction' of his OPF. (Rec. Doc. No. 1 at ¶ 11.)

The USPS states that it has provided all requested records in the possession of the records custodian. (Rec. Doc. No. 22 at 17.) Stephen Sevinsky, Postmaster of the Coudersport post office, submitted an affidavit stating he had never used the Form 6100 to record when he sent an employee's OPF to other departments within the USPS. (Rec. Doc. No. 23 at 2.) Sevinsky stated that he did not find Wright's original OPF until June, 2008. (Rec. Doc. No. 23 at 3.) It was found in a rarely used safe in the Coudersport office. On the same day, Sevinsky gave Wright the opportunity to review the OPF. (Id. at 4.) Kathy Gill, the Human Resources Generalist for the Central Pennsylvania USPS, signed an affidavit stating form 6100 is not consistently utilized or maintained. (Rec. Doc. No. 24 at 2.) She further stated that at the Central Pennsylvania District Personnel Office they do not use form 6100. She further admitted that the OPF was deemed to be lost, but then was found in a safe in the Coudersport Post Office and Wright was given an opportunity to review the folder. (Rec. Doc. No. 24 at 5-6.) The OPF is now at the Postal Service Law Department pending the outcome of the instant litigation. The

USPS has attached a copy of Wright's 102 page OPF.  (Rec. Doc. No. 24, Attachment 6.)

To take the liberty of distilling Wright's request, Wright hoped to find evidence that may be contained in the OPF file relating to Wright's 2003 involuntary change in employment and Wright's 2003 employment discrimination suit. (Rec. Doc. No. 26 at ¶ 5, and Civ. Docket No. 4:04-CV-00011.)  Because Wright found nothing in his file relating to the employment change, Wright is concerned that information is being withheld from him.

**DISCUSSION:**

   1. Legal Standard

FOIA cases are generally resolved on summary judgment once the documents at issue have been properly identified. <u>Wickwire Gavin, P.C. v USPS</u>, 356 F.3d 588, 591 (4th Cir. 2004).  The standard governing a grant of summary judgment in favor of an agency that claims it has fully discharged its FOIA disclosure obligations is well established.   <u>Steinberg v. United States DOJ</u>, 23 F.3d 548, 551 (D.C. Cir. 1994). [T]he agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact. <u>Id</u>. To meet this burden, the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents. <u>Id</u>.   The question is not

whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. Id.  The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. Id. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith. Id.  Furthermore, we note that these affidavits must be "reasonably detailed, setting forth the terms and the type of search performed, and averring that all files likely containing responsive materials (if such records exist) were searched." Western Ctr. for Journamlis v IRS, 116 F.Supp.2d 1, 8 (D.C. Cir. 2000).

    2.  Analysis

        The USPS did a reasonable search for documents responsive to Wright's FOIA request, and in fact provided Wright an opportunity to view his original OPF file.  The USPS was able to provide Wright with a copy of his OPF and let him view the original OPF the day it was finally found.  Although Wright seems to be concerned that there are 'critical files' that are missing from his OPF, a review of the OPF combined with the affidavits of three USPS employees involved in the search for the OPF indicate that nothing has been withheld from Wright. The affidavits indicate the USPS generally does not use form 6100.   Because the

question is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate (Steinberg 23 F.3d at 551;) and the postal service has provided ample evidence through affidavits and by allowing Wright to view his original OPF, we conclude that the Potter has met his burden of providing a reasonable response to Wright's FOIA request.

Therefore, for the foregoing reasons, we will grant Defendant Potter's motion for summary judgment.

    /s James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. WRIGHT, | : | |
| | : | Civ. No. 4:CV-07-2073 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| JOHN E. POTTER, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

September 15, 2008

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant Potter's Motion for Summary Judgment is GRANTED. (Rec. Doc. No. 19.)

2. Final judgment is entered in favor of defendant and against plaintiff.

3. The clerk is directed to close the case file.

   /s James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge