IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. WRIGHT, | : | |
| | : | Civ. No. 4:CV-07-2073 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| JOHN E. POTTER, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

November 17, 2008

**BACKGROUND:**

On November 13, 2007, plaintiff Thomas J. Wright, proceeding pro se, instituted this civil action with the filing of a complaint against defendant, John E. Potter, the Postmaster General of the United States Postal Service (USPS). In his complaint, Wright alleges a cause of action based on the Freedom of Information Act (FOIA). Specifically, Wright alleges that he is an employee of USPS and submitted several FOIA requests to defendant concerning his official personnel folder and that defendant did not fully comply with these requests. On September 15, 2008, we granted Potter's motion for summary judgment.

Before the court now is Wright's Motion for Reconsideration. For the

following reasons we will deny the motion.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed. 2d 982 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has "... misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D.Pa.1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D.Pa.1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa.1995).

To support his motion, Wright provided a letter from the National Archives and Records Administration (NARA) stating that the agency is not in possession of his official personnel folder.  The attachment to the letter from the NARA suggests

that the folder is in the possession of the Central Pennsylvania District Human Resource Manager.

This letter, had it been discovered earlier, would have had no bearing on the court's decision. Thus, we will deny Wright's Motion for Reconsideration.

Wright has also filed a "Motion to Permit Reply Affidavit and Request for Subpoena Pursuant to FRCP 59(C) and FRCP 45" and supporting brief. (Rec. Doc. Nos. 34 and 35). It appears that Wright wants to subpoena the NARA and the National Personnel Records Center (NPRC). Wright has already sent an FOIA request to the NARA which was fruitless, and is free to send an FOIA request to the NPRC. There is no reason to subpoena either agency. Regardless, the motion is moot, as the action is deemed to be closed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Wright's Motion for Reconsideration is DENIED. (Rec. Doc. No. 30).

2. Wright's Motion to Permit Reply Request Subpoena is DENIED AS MOOT. (Rec. Doc. No. 34).

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge